# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

## CIVIL ACTION NO. 1:23-CV-21771-DPG/EGT

SUNBELT RENTALS, INC.,
a North Carolina corporation,

    Plaintiff / Counter-defendant,

v.

ACTION RENTALS HOLDINGS, LLC, a
Florida limited liability company; ACTION
EQUIPMENT HOLDINGS, LLC, a Delaware
limited liability company; ACTION RENTALS
TRENCH, SHORING, & SUPPLY, LLC, a
Florida limited liability company; ACTION
FUEL & LUBE, LLC, a Florida limited liability
company; ACTION FUEL & LUBE CENTRAL
FLORIDA 2, LLC, a Florida limited liability
company; ACTION FUEL & LUBE NORTH
FLORIDA 2, LLC, a Florida limited liability
company; ACTION RENTALS ATL, LLC, a
Georgia limited liability company; ACTION
RENTALS MSY, LLC, a Louisiana limited
liability company; ACTION RENTALS SAV,
LLC, a Georgia limited liability company;
ACTION RENTALS VPC, LLC, a Georgia
limited liability company; ACTION
EQUIPMENT SERVICE, LLC, a Florida limited
liability company; ACTION RENTALS FLL,
LLC, a Florida limited liability company;
ACTION RENTALS HST, LLC, a Florida
limited liability company; ACTION RENTALS
JAX, LLC, a Florida limited liability company;
ACTION RENTALS MIA, LLC, a Florida
limited liability company; ACTION RENTALS
MCO, LLC, a Florida limited liability company;
ACTION RENTALS MTH, LLC, a Florida
limited liability company; ACTION RENTALS
PNS, LLC, a Florida limited liability company;
ACTION RENTALS RSW, LLC, a Florida
limited liability company; ACTION RENTALS
TPA, LLC, a Florida limited liability company;
ACTION RENTALS VRB, LLC, a Florida

limited liability company; ACTION RENTALS
WPB, LLC, a Florida limited liability company;
and BRUNO RAMOS,

                 Defendants / Counter-claimants.

**DEFENDANTS' / COUNTER-CLAIMANTS' OPPOSITION TO PLAINTIFF'S /
COUNTER-DEFENDANT'S MOTION TO STAY DISCOVERY ON DEFENDANTS'
COUNTERCLAIMS AND EXTENSION OF TIME**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................................... ii

I.  INTRODUCTION ................................................................................................................ 1

II. BACKGROUND .................................................................................................................. 3

    A.  Procedural History ...................................................................................................... 3

    B.  Status of Discovery ..................................................................................................... 4

III. Analysis ............................................................................................................................... 5

    A.  Legal Standards ........................................................................................................... 5

    B.  The Court Should Not Stay Discovery on Counterclaims I-III ............................. 8

        1.  Sunbelt's Renewed Motion to Compel Arbitration Is Not So Obviously Meritorious That a Stay Is Justified ......................................... 8

        2.  The Supreme Court's Decision in *Coinbase* Does Not Support a Stay ................................................................................................................ 10

        3.  Discovery on Counterclaims I-III Imposes Little or No Additional Burden on Sunbelt ........................................................................................ 12

        4.  Sunbelt Will Not Waive Its Argument that the Counterclaims Must be Arbitrated by Participating in Discovery ........................................... 12

    C.  The Court Should Not Stay Discovery on Counterclaims IV and V .................... 13

    D.  A Stay Is Not Reasonable and Would Not Dispose of the Entire Case ................ 14

IV. CONCLUSION .................................................................................................................. 16

CERTIFICATE OF SERVICE ..................................................................................................... 17

SERVICE LIST .............................................................................................................................. 17

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Association Fe Y Allegria v. Republic of Ecuador*,
  98-CIV-8650, 1999 WL 147716 (S.D.N.Y. Mar. 16, 1999)....................................................6

*Bocciolone v. Solowsky*,
  08-CIV-20200, 2008 WL 2906719 (S.D. Fla. July 24, 2008) ...................................................7

*Carey v. Kirk*,
  21-CIV-20408, 2021 WL 9347056 (S.D. Fla. Sept. 20, 2021)..................................................7

*Chrysler Int'l Corp. v. Chemaly*,
  280 F.3d 1358 (11th Cir. 2002) ..............................................................................................5

*Chudasama v. Mazda Motor Corporation*,
  123 F.3d 1353 (11th Cir. 1997) ........................................................................................6, 10

*Clinton v. Jones*,
  520 U.S. 681 (1997)..................................................................................................................5

*Coinbase, Inc. v. Bielski*,
  143 S. Ct. 1915 (2023).................................................................................................2, 10, 11

*Corbin v. Affiliated Computer Serv., Inc.*,
  No. 6:13-CIV-180, 2013 WL 3322650 (M.D. Fla. July 1, 2013)...........................................14

*Doe v. Coll. Bd. & Educ. Testing Serv.*,
  8:18-CIV-2172, 2019 WL 12289569 (M.D. Fla. Mar. 14, 2019)....................................12, 13

*Envision Ins. Co. v. GrayRobinson, P.A.*,
  8:13-CIV-114, 2013 WL 12388601 (M.D. Fla. Aug. 19, 2013)......................................10, 14

*Eternal Strategies, LLC v. Clickbooth Holdings, Inc.*,
  8:17-CIV-1298, 2017 WL 7311849 (M.D. Fla. Sept. 20, 2017) ................................2, 6, 7, 9

*Feldman v. Flood*,
  176 F.R.D. 651 (M.D. Fla. 1997)...............................................................................7, 12, 15

*Flecha v. Neighbors Moving Servs., Inc.*,
  944 F. Supp. 2d 1201 (S.D. Fla. 2013) .......................................................................7, 10, 12

*Gibbons v. Nationstar Mortg. LLC*,
  3:14-CIV-1315, 2015 WL 12840959 (M.D. Fla. May 18, 2015)........................................7, 14

*Gov't Emps. Ins. Co. v. Mas*,
  No. 19-CIV-21183-KMW-EGT, 2019 WL 3387033 (S.D. Fla. July 25, 2019)......................14

*Griggs v. Provident Consumer Discount Co.*,
  459 U.S. 56 (1982)....................................................................................................11

*Harrison v. Envision Mgmt. Holding, Inc.*,
  21-CV-00304, 2023 WL 4945841 (D. Colo. Aug. 3, 2023)..........................................11

*HNA LH OD, LLC v. Loc. House Int'l, Inc.*,
  No. 21-CIV-21022, 2021 WL 2767080 (S.D. Fla. July 2, 2021) ..................................12

*In re Winn Dixie Stores, Inc. ERISA Litig.*,
  3:04-CIV-194 2007 WL 1877887 (M.D. Fla. June 28, 2007) ........................................7

*Johnson v. Bd. of Regents of Univ. of Georgia*,
  263 F.3d 1234 (11th Cir. 2001) ...................................................................................5

*Koock, et al. v. Sugar & Felsenthal, LLP, et al.*,
  8:09-CIV-609, 2009 WL 2579307 (M.D. Fla. Aug. 19, 2009)......................................6

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936)....................................................................................................5

*McCabe v. Foley*,
  233 F.R.D. 683 (M.D. Fla. 2006)..................................................................................7

*Mesa v. Pennsylvania Higher Educ. Assistance*,
  No. 16-CIV-24577-KMW-EGT, 2017 WL 3438914 (S.D. Fla. Aug. 10, 2017) ...................14

*Miller v. Travel Guard Grp., Inc.*,
  21-CV-09751, 2023 WL 7106482 (N.D. Cal. Aug. 1, 2023) ........................................11

*Montoya v. PNC Bank, N.A.*,
  14-CIV-20474, 2014 WL 2807617 (S.D. Fla. June 20, 2014)...............................6, 12

*Nankivil v. Lockheed Martin Corp.*,
  216 F.R.D. 689 (M.D. Fla.), *aff'd*, 87 F. App'x 713 (11th Cir. 2003)......................6

*Parker v. Parker*,
  6:18-CV-79, 2018 WL 11615768 (M.D. Fla. Dec. 11, 2018) ................................16

*Pataro v. Castellon*,
  22-CIV-20866, 2023 WL 4014740 (S.D. Fla. May 11, 2023)......................................10

*Patterson v. United States Postal Serv.*,
  901 F.2d 927 (11th Cir. 1990) .................................................................................6, 7

*Randy Rosenberg, D.C., P.A. v. GEICO Gen. Ins. Co.*,
    19-CIV-61422, 2019 WL 6052408 (S.D. Fla. Nov. 15, 2019) ...................................................7

*Reilly v. Amy's Kitchen, Inc.*,
    13- CIV-21525, 2013 WL 3929709 (S.D. Fla. July 31, 2013) ...................................................6

*S.K.Y. Mgmt. LLC v. Greenshoe, Ltd.*,
    06-CIV-21722-JAL-EGT, 2007 WL 201258 (S.D. Fla. Jan. 24, 2007) ..........................10, 14

*Sizemore v. Zhao*,
    23-cv-21261, 2023 WL 5087341 (S.D. Fla. Aug. 8, 2023) ...................................................11

*Thomas v. It's A New 10, LLC*,
    1:22-CIV-22149, 2023 WL 418859 (S.D. Fla. Jan. 6, 2023) ...................................................10

*VPNetworks, LLC v. Collective 7, Inc.*,
    No. 6:19-CIV-117, 2020 WL 13227752 (M.D. Fla. Feb. 12, 2020) ...................................8, 10

*Wiand v. ATC Brokers Ltd.*,
    8:21-CIV-1317, 2022 WL 1239373 (M.D. Fla. Apr. 27, 2022) ...............................................10

**Statutes**

9 U.S.C. § 3 ...........................................................................................................................3, 11

9 U.S.C. § 4 .................................................................................................................................3

9 U.S.C. § 16 .............................................................................................................................10

**Rules**

Fed. R. Civ. P. 12 ........................................................................................................................3

Fed. R. Civ. P. 16 ........................................................................................................................9

Defendants / Counter-claimants[1] respectfully file this memorandum in opposition to the Motion to Stay Discovery of Defendants' Counterclaims and Extension of Time (the "Motion to Stay Discovery"), (D.E. 41), filed by Plaintiff / Counter-defendant Sunbelt Rentals, Inc. ("Plaintiff," "Sunbelt," or "Buyer"). For the reasons that follow, the motion should be denied.

## I.  INTRODUCTION

This case commenced on May 11, 2023, and, pursuant to the Scheduling Order, fact discovery is scheduled to end on January 15, 2024. Sunbelt now seeks to stay discovery of the counterclaims only pending resolution of its motion to compel arbitration and dismiss. (D.E. 40.)

Sunbelt's claims and Action Rentals' counterclaims[2] all stem from Action Rentals' sale of their rights and assets in their construction equipment rental businesses to Sunbelt pursuant to an Asset Purchase Agreement (the "APA"). (D.E. 1, Ex. A; D.E. 39, Ex. A.) Sunbelt's claims allege that Action Rentals breached provisions of the APA by not making certain payments relating to accounts receivables and customer deposits. (D.E. 1.) The Counterclaims allege breach of contract, breach of the duty of good faith and fair dealing, declaratory judgment, specific performance, and unjust enrichment related to different provisions of the APA involving Sunbelt's failure to make a contingent payment bonus, commonly referred to as "earnouts," failure to provide a closing statement, and failure to reimburse Action Rentals for certain post-closing expenses. (D.E. 39.) In its renewed motion to compel arbitration and dismiss, Sunbelt contends that the counterclaims

---

[1] "Defendants," "Counter-claimants," "Sellers," and "Action Rentals" refer to, collectively, Action Rentals Holdings, LLC, Action Equipment Holdings, LLC, Action Rentals Trench, Shoring & Supply, LLC, Action Fuel & Lube, LLC, Action Fuel & Lube Central Florida 2, LLC, Action Fuel & Lube North Florida 2, LLC, Action Rentals ATL, LLC, Action Rentals MSY, LLC, Action Rentals SAV, LLC, Action Rentals VPC, LLC, Action Equipment Service, LLC, Action Rentals FLL, LLC, Action Rentals HST, LLC, Action Rentals JAX, LLC, Action Rentals MIA, LLC, Action Rentals MCO, LLC, Action Rentals MTH, LLC, Action Rentals PNS, LLC, Action Rentals, RSW, LLC, Action Rentals TPA, LLC, Action Rentals VRB, LLC, Action Rentals WPB, LLC, and Bruno Ramos.

[2] References to counterclaims refer to the First Amended Answer to Complaint, Affirmative Defenses, and Counterclaims. (D.E. 39.)

involving the earnout payments only (Counterclaims I-III) are subject to mandatory arbitration and contends that the remaining counterclaims should be dismissed on other grounds. In a concurrently filed memorandum, Action Rentals opposes Sunbelt's motion to compel arbitration and dismiss the Counterclaims. (D.E. 45.)

A stay of discovery on the Counterclaims is not warranted here. Staying discovery pending resolution of a motion to dismiss is the exception not the rule. With respect to Counterclaims I-III, it is far from clear that Sunbelt will prevail on its motion to compel arbitration. The parties strongly dispute whether the accountant-arbitration provision at issue covers Action Rentals' various claims regarding the Sunbelt's conduct intended to thwart its obligation to pay an earnout, or whether the provision is more narrowly limited to resolving disputes over specific proposed adjustments to revenue calculations that determine Action Rentals' eligibility for the earnout. Facing a nearly identical situation involving a contested earnout, the court in *Eternal Strategies, LLC v. Clickbooth Holdings, Inc.*, 8:17-CIV-1298, 2017 WL 7311849, at *1 (M.D. Fla. Sept. 20, 2017), found that a stay of discovery was not warranted pending the court's determination of the scope of an accountant-arbitration provision. Sunbelt's reliance on the Supreme Court's decision in *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915 (2023) in support of a stay misses the mark, as that case is applicable only where there is an interlocutory appeal to a district court's denial of a motion to compel arbitration. Nor has Sunbelt demonstrated any good cause for a stay based on any burden it will face on those Counterclaims. Action Rentals will stipulate discovery that the parties undertake related to the earnout can be used in the event that this Court orders those claims to arbitration, and that Sunbelt's engaging in discovery now is not a waiver of its right to pursue arbitration of those claims.

With respect to Counterclaims IV and V, again, Action Rentals has presented substantial reasons why Sunbelt's motion to dismiss should be denied. Based on the contested nature of

Sunbelt's motion, the Court should not stay the discovery that has been ongoing pending resolution of the motion to dismiss.

Finally, a stay of discovery now would not be reasonable. Sunbelt's motion to compel arbitration and dismiss the counterclaims will not fully resolve the case, and courts in this District are loath to grant a stay of discovery where discovery will need to proceed regardless of the outcome of a motion to dismiss. Furthermore, staying discovery at this time would significantly upend the Court's Scheduling Order in this case and the efficient progress of this case.

## II.    BACKGROUND

### A.    Procedural History

On May 11, 2023, Sunbelt filed the Complaint. (D.E. 1.) On June 2, 2023, Action Rentals filed an answer, asserted affirmative defenses, and brought counterclaims. (D.E. 9.) On June 23, 2023, Sunbelt moved to compel arbitration on three of the five counterclaims pursuant to Sections 3 and 4 of the Federal Arbitration Act ("FAA"), and moved to dismiss the remaining counts under Federal Rule of Civil Procedure 12(b) (the "Initial Motion to Compel Arbitration"). (D.E. 10.) On July 7, 2023, Action Rentals opposed the Initial Motion to Compel Arbitration, arguing that the counterclaims fall outside the scope of the APA's arbitration provision, and that the remaining counterclaims should not be dismissed. (D.E. 12.) On July 14, 2023, Sunbelt filed its reply. (D.E. 14.)

On October 6, 2023, Action Rentals moved for leave to file a First Amended Answer, Affirmative Defenses, and Counterclaims (the "Motion for Leave to Amend Counterclaims"). (D.E. 33.) In so doing, Action Rentals principally sought to amend the central factual pleadings for Counterclaims I-III pertaining to the earnout payments to reflect evidence gathered during discovery establishing that Sunbelt underreported to Action Rentals millions of dollars of its revenues as part of an effort to avoid paying Action Rentals the earnout required by the APA. On

October 11, 2023, Sunbelt filed its opposition to the motion to amend the counterclaims, (D.E. 35), and on October 18, 2023, Action Rentals filed the reply, (D.E. 35).

On December 6, 2023, this Court granted the Motion for Leave to Amend Counterclaims and denied the Initial Motion to Compel Arbitration as moot. (D.E. 38.) Pursuant to the Court's order, Action Rentals filed the First Amended Answer to Complaint, Affirmative Defenses, and Counterclaims that same day. (D.E. 39.)

On December 11, 2023, Sunbelt filed a renewed motion to compel arbitration of Counterclaims I-III and to dismiss Counterclaims IV and V (the "Renewed Motion to Compel Arbitration"), (D.E. 40), and the instant Motion seeking to stay discovery of all counterclaims.

**B.    Status of Discovery**

While the Initial to Motion to Compel Arbitration was pending and since, discovery and related filings have proceeded apace. In July, the parties filed their corporate disclosures. (D.E. 17-22.) In August, the parties exchanged their initial disclosures. On September 5, 2023, Action Rentals served subpoenas on various third-parties seeking information related to Counterclaims I-III, the subpoenas that confirmed the allegations of Sunbelt's underreporting its revenues that entitle Action Rentals to an earnout payment.[3]

On September 12, 2023, this Court entered a Scheduling Order that, among other things, set a deadline for fact discovery to be completed by January 15, 2024 and expert discovery to be completed by March 15, 2024. (D.E. 24.)

---

[3] On September 20, 2023, Sunbelt moved for a discovery hearing to seek a protective order requiring Action Rentals to withdraw the third-party subpoenas, or alternatively to stay enforcement of the subpoenas, but withdrew the motion when Action Rentals represented that they had already received responses to all of the subpoenas prior to the scheduled hearing. (D.E. 26, 29.)

On September 29, 2023, Sunbelt served Action Rentals with its first set of interrogatories, requests for production, and requests for admission. Included among Sunbelt's interrogatories was a request that Action Rentals identify individuals with knowledge about the Counterclaims.[4]

On November 7, 2023, Action Rentals issued responses and objections to Sunbelt's first set of discovery requests, and has produced the vast majority of responsive documents and is in the process of finalizing its production of documents. On November 10, 2023, Action Rentals served Sunbelt with its first interrogatories, request for production, and request for inspection, seeking information relevant to Counterclaims I-III. On November 15, 2023, the parties exchanged lists of witnesses intended to be called for trial.

## III. Analysis

### A. Legal Standards

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."). Additionally, "[m]atters pertaining to discovery are committed to the sound

---

[4] Interrogatory 1 stated, in full: "Identify all persons whom [Action Rentals] know or believe have or claim to have any direct or indirect knowledge of the facts or circumstances alleged in the Complaint, the responsive pleadings, and other pleadings filed in this case, the events that gave rise to the Complaint or any issue that relates to the Complaint, or any claim or defense asserted in the Complaint." A copy of Sunbelt's First Set of Interrogatories is attached as Exhibit A to this memorandum.

discretion of the district court." *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990).

To prevail on a motion to stay discovery, the moving party must demonstrate reasonableness and good cause. Motions to stay discovery "are generally denied except where a specific showing of prejudice or burdensomeness is made." *Montoya v. PNC Bank, N.A.*, 14-CIV-20474, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014). "While overall stays of discovery may be rarely granted, courts have held good cause to stay discovery exists wherein 'resolution of a preliminary motion may dispose of the entire action.'" *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla.), *aff'd*, 87 F. App'x 713 (11th Cir. 2003) (quoting *Association Fe Y Allegria v. Republic of Ecuador,* 98-CIV-8650, 1999 WL 147716 (S.D.N.Y. Mar. 16, 1999)). There is no general rule, however, that discovery be stayed while a pending motion to dismiss is resolved. *Reilly v. Amy's Kitchen, Inc.*, 13- CIV-21525, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013).

In *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353, 1368 (11th Cir. 1997), the Eleventh Circuit stated: "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." "*Chudasama*'s holding, however, does not establish the general rule that discovery should not proceed while a motion to dismiss is pending." *Eternal Strategies, LLC v. Clickbooth Holdings, Inc.*, 8:17-CIV-1298, 2017 WL 7311849, at *1 (M.D. Fla. Sept. 20, 2017) (citing *Koock, et al. v. Sugar & Felsenthal, LLP, et al.*, 8:09-CIV-609, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) (denying motion to stay)).

In *Chudasama*, "the cause of action contested in the motion significantly enlarged the scope of discovery and was 'especially dubious.'" *Eternal Strategies*, 2017 WL 7311849, at *1 (quoting 123 F.3d at 1368). Instead, *Chudasama* and its progeny "'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while

undue discovery costs mount.'" *Id*. (quoting *In re Winn Dixie Stores, Inc. ERISA Litig.*, 3:04-CIV-194 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007)).

"[A] stay of discovery is generally disfavored in this district and motions to stay discovery are largely denied except in exceptional circumstances where a motion to dismiss would dispose of the entire case." *Carey v. Kirk*, 21-CIV-20408, 2021 WL 9347056, at *1 (S.D. Fla. Sept. 20, 2021); *see also Randy Rosenberg, D.C., P.A. v. GEICO Gen. Ins. Co.*, 19-CIV-61422, 2019 WL 6052408, at *1 (S.D. Fla. Nov. 15, 2019); *Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013); *Gibbons v. Nationstar Mortg. LLC*, 3:14-CIV-1315, 2015 WL 12840959, at *1 (M.D. Fla. May 18, 2015) ("Overall, stays of discovery are seldom granted, but courts have held that good cause to stay discovery exists when resolution of a dispositive motion may dispose of the entire action.") (citing *Patterson*, 901 F.2d at 929 (holding that the district court did not abuse its discretion by staying discovery where a pending dispositive motion gave the court enough information to ascertain that further discovery was not likely to produce a genuine issue of material fact)); *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997) (holding that a stay of discovery was not appropriate where pending motion to dismiss was not case dispositive).

"In evaluating whether the moving party has met its burden, a court 'must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and entirely eliminate the need for such discovery.'" *Bocciolone v. Solowsky*, 08-CIV-20200, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (quoting *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)). This means that courts generally take a "preliminary peek at the merits of [the] dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Feldman,* 176 F.R.D. at 652-53.

**B.**    **The Court Should Not Stay Discovery on Counterclaims I-III**

1.    **Sunbelt's Renewed Motion to Compel Arbitration Is Not So Obviously Meritorious That a Stay Is Justified**

"[T]he pendency of a motion to compel arbitration does not automatically provide good cause warranting a stay of discovery, particularly where the motion will not dispose of the entire case." *VPNetworks, LLC v. Collective 7, Inc.*, No. 6:19-CIV-117, 2020 WL 13227752, at *2 (M.D. Fla. Feb. 12, 2020) (denying motion for stay because "the parties vehemently dispute whether an enforceable arbitration agreement exists"). Here, there is ample reason to question whether Sunbelt's Renewed Motion to Compel Arbitration will be granted, and as explained below, *see infra* III.D, granting the motion will not dispose of the entire case.

As explained more fully in Action Rentals' Opposition to the Renewed Motion to Compel Arbitration, (D.E. 45), which is incorporated by reference herein, the counterclaims that Sunbelt argues must be arbitrated pertain to "earnout" provisions of the APA, whereby Sunbelt (as the buyer) is required to make additional payments to Action Rentals (as sellers) if the business meets certain revenue benchmarks following the sale. The Counterclaims assert that Sunbelt breached the earnout provisions and the duty of good faith by, among other things: (1) failing to provide rental services to certain customers, thus impeding the achievement of the revenue benchmarks; (2) failing to fairly, accurately, and diligently account for and disclose to Action Rentals the relevant revenues, thus preventing the tabulated revenue from reaching the benchmarks and interfering with Action Rentals' ability to challenge Sunbelt's revenue calculations; and (3) attempting to raise the revenue benchmarks set in the APA after it was revealed that Sunbelt had earned more revenue than initially disclosed to Action Rentals.

In its Renewed Motion to Compel Arbitration, Sunbelt argues that these counterclaims are subject to mandatory arbitration under the APA, citing a provision that requires the parties to submit "any [unresolved] dispute over [Action Rentals'] proposed adjustments" to the revenue calculation to arbitration by an accounting firm. In opposition, Action Rentals argues that its

counterclaims fall outside the scope of the arbitration provision, whose language is limited to resolving "adjustments," *i.e.*, financial adjustments, to the revenue calculation—the sort of accounting issues appropriately resolved by accountants—and does not extend to any and all claims relating to the APA's earnout provisions. (*See* D.E. 45, Section III.A.)

*Eternal Strategies* raised a nearly identical issue to the dispute at bar. 8:17-cv-1298, 2017 WL 7311849 (M.D. Fla. Sept. 9, 2017). In that case, like this one, there was a dispute about an unpaid earnout. The parties' agreement called for "an earn-out payment . . . due six months after closing based on the Company's earnings before interest, tax, depreciation, and amortization (EBITDA) at that time." *Id.* at *1. Like Action Rentals in this case, Eternal Strategies, LLC alleged that Clickbooth Holdings, Inc. acted in "bad faith" and employed "commercially unreasonable practices" to deny Eternal Strategies, LLC an earnout payment. *Id.* at *2. Clickbooth Holdings, Inc., like Sunbelt here, argued that an accountant-arbitration provision required arbitration for all disputes between the parties related to the earnout. *Id.*

In response, Eternal Strategies, LLC argued that "the parties only agreed to arbitrate with the accounting firm specific disputes over what the correct numbers and formulas are for calculating the EBITDA." *Id.* Eternal Strategies, LLC further argued that the "arbitration provision is narrow and does not encompass legal disputes over what constitutes bad faith and commercially unreasonable practices . . . ." *Id.*

After taking a "preliminary peek" at Clickbooth Holdings, Inc.'s motion to compel arbitration, the court found that the "motions to dismiss are not so clear on their face that there is an immediate and clear possibility that they will be granted." *Id.* (cleaned up). Following the Rule 16 conference in that case, the court denied the motion to stay discovery. *Id.*; 8:17-civ-1298 (M.D. Fla.) (D.E. 60).

A "preliminary peek" of the briefing on Sunbelt's Renewed Motion to Compel Arbitration in this case yields the same result as in *Eternal Strategies* and many other cases. As with that case,

Action Rentals' opposition to the Renewed Motion to Compel Arbitration is not "especially dubious," *Chudasama*, 123 F.3d at 1268, nor is Sunbelt's motion a "slam-dunk that will necessarily dispose of this action," *Thomas v. It's A New 10, LLC*, 1:22-CIV-22149, 2023 WL 418859, at *3 (S.D. Fla. Jan. 6, 2023). *See also S.K.Y. Mgmt. LLC v. Greenshoe, Ltd.*, 06-CIV-21722-JAL-EGT, 2007 WL 201258, at *2 (S.D. Fla. Jan. 24, 2007) (denying motion because plaintiff had "strong rebuttal arguments" creating "good reason to question whether Defendant will prevail on its motion to dismiss"); *Flecha*, 944 F. Supp. 2d at 1203 (denying motion because there was a "a genuine dispute" as to whether arbitration was required); *VPNetworks*, 2020 WL 13227752, at *2 (denying motion for stay because "the parties vehemently dispute whether an enforceable arbitration agreement exists"); *Envision Ins. Co. v. GrayRobinson, P.A.*, 8:13-CIV-114, 2013 WL 12388601, at *3 (M.D. Fla. Aug. 19, 2013) (denying motion because there was a "genuine dispute as to whether the arbitration agreement is enforceable"); *Pataro v. Castellon*, 22-CIV-20866, 2023 WL 4014740, at *2 (S.D. Fla. May 11, 2023) (denying motion because it was "not clear on its face that the [Second Amended Complaint's] allegations are so dubious as to warrant a stay of discovery"); *Wiand v. ATC Brokers Ltd.*, 8:21-CIV-1317, 2022 WL 1239373, at *2 (M.D. Fla. Apr. 27, 2022) (denying motion because court could not "conclude at this time that the motions to dismiss will be granted").

### 2. The Supreme Court's Decision in *Coinbase* Does Not Support a Stay

In the instant Motion, Sunbelt relies on a fundamental misapplication of the Supreme Court's recent decision in *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915 (2023). In that case, "the sole question [was] whether the district court must stay its pre-trial and trial proceedings while the interlocutory appeal [from the denial of a motion to compel arbitration] is ongoing." *Id* at 1918. The Supreme Court answered affirmatively. That ruling was based on two key premises: (1) that Section 16(a) of the FAA provides a statutory right to an interlocutory appeal from a denial of a motion to compel arbitration; and (2) that longstanding Supreme Court precedent held that an

interlocutory appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Id.* at 1919 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).

*Coinbase* has no application here. There is no interlocutory appeal that divests this Court of jurisdiction over the proceedings. Where the district court retains jurisdiction over the case, including the allegedly arbitrable issues, *Coinbase* has no bearing. *See Harrison v. Envision Mgmt. Holding, Inc.*, 21-CV-00304, 2023 WL 4945841, at *3 (D. Colo. Aug. 3, 2023) (denying stay of discovery where defendants sought *certiorari* to the Supreme Court of denial of motion to compel arbitration, reasoning that the court of appeals had already affirmed denial of motion to compel arbitration and remanded to the district court and that *Coinbase* "focuses on the parallel tracks in the lower court and the court of appeals"); *Miller v. Travel Guard Grp., Inc.*, 21-CV-09751, 2023 WL 7106482, at *2 (N.D. Cal. Aug. 1, 2023) (denying stay where an interlocutory appeal pertains to a district court confirming or vacating an arbitral award, reasoning that "*Coinbase* applies only while the interlocutory appeal on arbitrability is ongoing").

Sunbelt has cited no case, and Action Rentals is aware of none, where a court has applied *Coinbase* to automatically stay proceedings pending resolution of a motion to compel arbitration. Sunbelt's reliance on *Sizemore v. Zhao*, 23-cv-21261, 2023 WL 5087341 (S.D. Fla. Aug. 8, 2023) is inapposite. There, the district court granted an *unopposed* motion to stay merits discover pending resolution of a motion to compel arbitration and dismiss, and, in its discretion, determined that it would sequence jurisdictional discovery after it had resolved the question of arbitrability. *Id.* at *1-2.

It is of course true that if this Court compels arbitration on Counterclaims I-III, or if the Court denies the Renewed Motion to Compel Arbitration and Sunbelt chooses to pursue an interlocutory appeal, then this Court's proceedings with respect to those claims will be stayed pursuant to Section 3 of the FAA or *Coinbase*, respectively. But what Sunbelt asks of this Court

here—a stay pending a *motion* to compel arbitration—would ostensibly apply every time a party seeks to compel arbitration. Such relief finds no support whatsoever in statute or case law.

### 3. Discovery on Counterclaims I-III Imposes Little or No Additional Burden on Sunbelt

Sunbelt's Motion fails to set forth "a specific showing of prejudice or burdensomeness" supporting a stay. *Montoya*, 2014 WL 2807617, at *2. Any burden on Sunbelt based on Action Rentals' discovery requests pertaining to Counterclaims I-III is mitigated substantially (if not completely), by Action Rentals' stipulating that discovery in this case can be used in the arbitration in the event that the Court grants the Renewed Motion to Compel Arbitration. See, e.g., *HNA LH OD, LLC v. Loc. House Int'l, Inc.*, No. 21-CIV-21022, 2021 WL 2767080, at *3 (S.D. Fla. July 2, 2021) ("[T]he parties can easily mitigate any duplicative efforts across the two cases by conferring and entering into a stipulation that certain relevant discovery be used in both pending cases."); *Feldman*, 176 F.R.D. at 653 n.3 ("The unnecessary expenditure of time and money inherent in duplicative discovery could be substantially reduced if the parties can stipulate to consider discovery taken in this action as also binding in the Delaware proceedings.").

### 4. Sunbelt Will Not Waive Its Argument that the Counterclaims Must be Arbitrated by Participating in Discovery

Sunbelt's purported concern that responding to Action Rentals' discovery requests will prejudice it by waiving its right to compel arbitration is meritless. Sunbelt has not "not acted inconsistently with the intent to arbitrate" and Action Rentals is "well aware of [Plaintiff's] desire to arbitrate." *Doe v. Coll. Bd. & Educ. Testing Serv.*, 8:18-CIV-2172, 2019 WL 12289569, at *3 (M.D. Fla. Mar. 14, 2019). "Until such time as the Court rules on the Motion to Compel Arbitration, it is unlikely [Action Rentals] would have a basis to declare prejudice based on the occurrences of the discovery process that [Action Rentals] themselves seek to commence." *Id.*

Furthermore, Action Rentals has stipulated that Sunbelt will not waive its right to arbitrate should the Court grant the Renewed Motion to Compel Arbitration. *See, e.g.*, *Flecha*, 944 F. Supp.

at 1203 ("[T]he Plaintiff has stipulated that by participating in discovery now, the Defendant will not waive its right to arbitrate if the Court finds the arbitration agreement enforceable."); *Doe*, 2019 WL 12289569, at *3 (party opposing the stay "represented to the Court that they are agreeable to conceding" no waiver).

  **C.**  **The Court Should Not Stay Discovery on Counterclaims IV and V**

  Nor has Sunbelt put forth good cause for this Court to exercise its discretion to stay discovery on Counterclaims IV and V other than Sunbelt's confidence in its own arguments in support of its motion to dismiss those counterclaims. For the reasons explained more fully in the Opposition to the Renewed Motion to Compel Arbitration and summarized briefly here, Sunbelt's arguments are far from clearly meritorious.

  First, Counterclaim IV is not moot. Counterclaim IV involves a controversy over whether Sunbelt's actions satisfied a provision of the APA requiring Sunbelt to provide Action Rentals with a Closing Statement within 60 days of the closing. Instead, after 60 days had passed, Sunbelt provided Action Rentals with a "first draft" of a Closing Statement. Sunbelt claims its actions satisfy the provision, Action Rentals contends the conduct breached the provision. That is a live controversy that must be resolved by the Court based on facts developed in discovery, and not on a motion to dismiss.

  Second, Counterclaim V alleges that Sunbelt was unjustly enriched when it failed to reimburse Action Rentals for certain post-closing expenses that Action Rentals paid for the benefit of Sunbelt. Most of the categories of post-closing expenses Action Rentals paid are not covered by the APA, but two are at least arguably addressed in the APA. As a result, in connection with Action Rentals' opposition to the Initial Motion to Compel Arbitration, Action Rentals sought leave to replead *only those two categories* of expenses as a breach of contract claim. Action Rentals' decision not to substantively change Counterclaim V as part of the First Amended Counterclaims was not a tacit admission that Counterclaim V cannot be cured, as Sunbelt contends.

Rather, having already asked the Court for leave to replead those allegations, Action Rentals did not believe it was appropriate to ask again while the request was still pending. Regardless, most categories of post-closing expenses plead as part of Counterclaim V are not covered by the APA and support Counterclaim V proceeding past the Renewed Motion to Compel Arbitration.

### D.      A Stay Is Not Reasonable and Would Not Dispose of the Entire Case

Finally, a stay of all discovery pending resolution of a motion "is rarely appropriate where resolution of the motion will not dispose of the *entire case*." *Corbin v. Affiliated Computer Serv., Inc.*, No. 6:13-CIV-180, 2013 WL 3322650, at *1 (M.D. Fla. July 1, 2013) (emphasis added); *S.K.Y. Mgmt.*, 2007 WL 201258, at *2 ("[A]nother problem with the Defendant's motion is that the pending motion to dismiss will admittedly not result in a resolution of the entire case."); *Gov't Emps. Ins. Co. v. Mas*, No. 19-CIV-21183-KMW-EGT, 2019 WL 3387033, at *2 (S.D. Fla. July 25, 2019) (same); *Gibbons*, 2015 WL 12840959, at *1 (same); *Mesa v. Pennsylvania Higher Educ. Assistance*, No. 16-CIV-24577-KMW-EGT, 2017 WL 3438914, at *3 (S.D. Fla. Aug. 10, 2017) ("Even if the Court was to grant the two pending motions to dismiss, the remaining defendants would still be a part of this litigation.") (citing *Corbin*, 2013 WL 3322650, at *1); *Envision Ins. Co.*, 2013 WL 12388601, at *3 (holding stay of discovery was "not warranted" because the "motion to compel arbitration would not dispose of the entire case" since "[d]iscovery would likely continue against the other parties").

Here, granting the requested stay "would *not* end this case in its entirety" because the parties will inevitably conduct discovery related to Sunbelt's allegations in the Complaint and Action Rentals' defenses. *Gov't Emps. Ins. Co.*, 2019 WL 3387033, at *2.

In addition, Sunbelt touts the ability to proceed with discovery on its claims alone as reasonable. Yet it is precisely this imbalance that prejudices Action Rentals because it would require Action Rentals to engage in the discovery process as to Sunbelt's claims first, and later to have to begin again on its own claims.

This imbalance is exacerbated by Sunbelt's having already engaged in discovery on the Counterclaims. As noted above, as part of its First Set of Interrogatories, Sunbelt asked Action Rentals to identify all individuals who have any "knowledge of the facts or circumstances alleged in the Complaint, *the responsive pleadings, and other pleadings filed in this case . . . .*" (Ex. A, at 7.) Action Rentals responded to this interrogatory, including those individuals Action Rentals identified through discovery as having knowledge of the revenues that Sunbselt underreported to Action Rentals as part of its effort to avoid its obligation to make an earnout payment. Having already sought discovery on the Counterclaims, Sunbelt cannot now claim it would be reasonable to stay discovery on those same issues.

Sunbelt's request for a stay now also ignores the manner in which this Motion and Sunbelt's conduct have undermined the Court's Scheduling Order. Sunbelt did not move for a stay of discovery concurrently with its initial Motion to Compel Arbitration. Rather, after briefing on the initial Motion to Compel Arbitration was complete, pursuant to the Court's Order, the parties submitted a joint proposed scheduling order [D.E. 16], which the Court entered on September 12, 2023. Thus, the case continued into discovery as the Motion to Compel Arbitration remained pending. Action Rentals served its discovery demands on Sunbelt on November 10, 2023. Rather than promptly moving for a stay, or timely responding under the Federal Rules of Civil Procedure, Sunbelt filed the instant Motion 30 days later, on the date that its responses were due, and has still not responded to Action Rentals' discovery demands. In effect, Sunbelt has through its conduct granted its own motion.

Courts generally do not favor stays of discovery "because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman*, 176 F.R.D. at 652. Sunbelt's delay in seeking a stay here is the source of the case management problems in this case, and jeopardizes the ability of the parties to meet the discovery deadlines this Court has

set. That conduct further counsels against granting the stay that Sunbelt seeks. *See Parker v. Parker*, 6:18-CV-79, 2018 WL 11615768, at *3 (M.D. Fla. Dec. 11, 2018) (denying motion to stay filed 13 days before discovery deadline because granting the stay "would frustrate the progress of this case and each party's ability to meet the deadlines set forth in the [Case Management and Scheduling Order]").

Accordingly, a stay of discovery is not reasonable or appropriate.[5]

## IV.    CONCLUSION

For the foregoing reasons, Sunbelt's Motion to stay discovery pending resolution of the Renewed Motion to Compel Arbitration should be denied.

Dated:  December 27, 2023

Respectfully submitted,

**STEARNS WEAVER MILLER WEISSLER ALAHADEFF & SITTERSON, P.A.**
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

By: */s/ Jason P. Hernandez*
JASON P. HERNANDEZ
Florida Bar No. 18598
jhernandez@stearnsweaver.com
BRETT M. KALIKOW
Florida Bar No. 1048719
bkalikow@stearnsweaver.com

*Attorneys for Defendants / Counter-claimants*

---

[5] For similar reasons, Sunbelt's request for a 30-day extension of its time to respond should be denied, and Sunbelt should be ordered to comply with Action Rentals' discovery demands forthwith.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on December 27, 2023, undersigned counsel filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record and parties registered via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Jason P. Hernandez*
JASON P. HERNANDEZ

## <u>SERVICE LIST</u>

**Jeffrey T. Kucera**
K&L Gates LLP
200 S. Biscayne Boulevard Suite 3900
Miami, FL 33131-2399
305-539-3322
Fax: 305-358-7095
Email: jeffrey.kucera@klgates.com

**Alejandra Desiree Gonzalez**
K&L Gates LLP
200 S. Biscayne Boulevard Suite 3900
Miami, FL 33131-2399
305-539-3300
Fax: 305-358-7095
Email: alejandra.gonzalez@klgates.com

*Attorneys for Plaintiff / Counter-Defendant*