# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CIVIL ACTION NO. 1:23-CV-21771-DPG/EGT

SUNBELT RENTALS, INC.,
a North Carolina corporation,

       Plaintiff,

v.

ACTION RENTALS HOLDINGS, LLC,
a Florida limited liability company;
ACTION EQUIPMENT HOLDINGS, LLC,
a Delaware limited liability company;
ACTION RENTALS TRENCH, SHORING,
& SUPPLY, LLC, a Florida limited liability
company; ACTION FUEL & LUBE, LLC, a
Florida limited liability company; ACTION
FUEL & LUBE CENTRAL FLORIDA 2,
LLC, a Florida limited liability company;
ACTION FUEL & LUBE NORTH
FLORIDA 2, LLC, a Florida limited liability
company; ACTION RENTALS ATL, LLC, a
Georgia limited liability company; ACTION
RENTALS MSY, LLC, a Louisiana limited
liability company; ACTION RENTALS SAV,
LLC, a Georgia limited liability company;
ACTION RENTALS VPC, LLC, a Georgia
limited liability company; ACTION
EQUIPMENT SERVICE, LLC, a Florida
limited liability company; ACTION
RENTALS FLL, LLC, a Florida limited
liability company; ACTION RENTALS HST,
LLC, a Florida limited liability company;
ACTION RENTALS JAX, LLC, a Florida
limited liability company; ACTION
RENTALS MIA, LLC, a Florida limited
liability company; ACTION RENTALS
MCO, LLC, a Florida limited liability
company; ACTION RENTALS MTH, LLC, a
Florida limited liability company; ACTION
RENTALS PNS, LLC, a Florida limited
liability company; ACTION RENTALS
RSW, LLC, a Florida limited liability

| |
|---|
| company; ACTION RENTALS TPA, LLC, a Florida limited liability company; ACTION RENTALS VRB, LLC, a Florida limited liability company; ACTION RENTALS WPB, LLC, a Florida limited liability company; and BRUNO RAMOS<br><br>Defendants. |

**SUNBELT'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure 26 and 33, plaintiff Sunbelt Rentals, Inc. ("Plaintiff" or "Sunbelt") hereby issues to Defendants[1] its First Set of Interrogatories (the "Interrogatories"). Sunbelt requests that you provide written responses and responsive documents within thirty (30) days to the attention of Jeffrey T. Kucera and Zachary S. Buckheit, K&L Gates LLP, 200 South Biscayne Blvd., Suite 3900, Miami, Florida 33131.

**INSTRUCTIONS**

1. You are to furnish all information that is available to you as of the date of your answers to these Interrogatories. This includes any non-privileged information obtained by or in the possession of your attorneys, representatives, or agents.

2. If you are unable to answer any Interrogatory fully and completely after exercising due diligence, respond to each such Interrogatory to the fullest extent possible, specifying the extent of your knowledge and explaining why you are unable to answer the remainder.

3. You are under a duty seasonably to amend your responses to these Interrogatories if you have obtained information upon the basis of which (a) you know the original response was incorrect when made or (b) you know the original response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response amounts to knowing concealment.

---

[1] Action Rentals Holdings, LLC, Action Equipment Holdings, LLC, Action Rentals Trench, Shoring & Supply, LLC, Action Fuel & Lube, LLC, Action Fuel & Lube Central Florida 2, LLC, Action Fuel & Lube North Florida 2, LLC, Action Rentals ATL, LLC, Action Rentals MSY, LLC, Action Rentals SAV, LLC, Action Rentals VPC, LLC, Action Equipment Service, LLC, Action Rentals FLL, LLC, Action Rentals HST, LLC, Action Rentals JAX, LLC, Action Rentals MIA, LLC, Action Rentals MCO, LLC, Action Rentals MTH, LLC, Action Rentals PNS, LLC, Action Rentals, RSW, LLC, Action Rentals TPA, LLC, Action Rentals VRB, LLC, Action Rentals WPB, LLC, and Bruno Ramos ("**Ramos**") shall be referred to each as a "**Defendant**" and collectively as the "**Defendants**".

3

4.      Where your knowledge or information is requested, such request includes your personal knowledge as well as the knowledge of your present and former agents and representatives.

## DEFINITIONS

The following definitions apply to these Interrogatories, and each of the terms defined below, when used in any Interrogatory, shall have the meaning given herein, in addition to any meaning indicated in or apparent from any specific Interrogatory:

1.      "All" - Whenever the term "all" is used herein, it shall also be construed to mean "any" and "each," and vice versa.

2.      The terms "Defendants," "Ramos," "You," or "Your" shall mean and refer to the Defendants in this case, individually and collectively.

3.      The terms "Plaintiff" or "Sunbelt" shall mean and refer to plaintiff Sunbelt Rentals, Inc.

4.      The term "Complaint" shall mean and refer to the Complaint for Compensatory Damages filed in this case on or about May 11, 2023, as may be amended from time to time.

5.      The term "APA" shall mean and refer to the Asset Purchase Agreement dated October 1, 2021 between Sunbelt and Defendants.

6.      The term "customer deposits" shall have the meaning assigned to that term by the APA and refers to the deposits held by Defendants on behalf of Sunbelt pursuant to Section 2.1(h) of the APA.

7.      The term "Accounts Receivable" shall have the meaning assigned to that term by the APA and refers to the "Aggregate Closing Date Accounts Receivable" improperly retained by Defendants in violation of Section 7.10 of the APA.

8. The term "Receivables Collection Shortfall" shall have the meaning assigned to that term by the APA and refers to the "Receivables Collection Shortfall" that Defendants have refused to pay to Sunbelt in violation of Sections 7.10 and 10.1(d) of the APA.

9. The terms "document" or "documents" shall include without limitation the original and any non-identical copy of any written, recorded, or graphic matter, however produced or reproduced, including, but not limited to, any correspondence, communication, memorandum, notes of meetings, telegrams, reports, transcripts of telephone conversation, Xeroxed copies, sound or pictorial recordings, computerized information, letters, personal notes, personal diaries, personal calendars, telegraphic messages, facsimiles, carbon copies, electronic or mechanical transmissions, data sheets, computer programs or related documents, files, indexes, reports, financial statements, canceled or uncancelled checks, drafts, certificates of deposit, invoices, accounting statements, tickets, expense records, vouchers, working papers, drafts of contracts, drafts of letters, charts, printings, airplane tickets, flight plans, blueprints, income tax returns, photographic records, maps, microfilm, microfiche, microprint, photographic negatives, photographs, photographic prints, or slides, receipts, drawings, deposit slips, banking records, journals, account books, telephone logs, telephone message records, time slips, surveys, architectural drawings, building plans, stock certificates, or any form of writing or record of any kind whatsoever.

10. The term "communication" means and includes any oral, written, or electronically transmitted utterance, notation, or statement of any nature whatsoever, including, but not limited to, correspondence, conversations, dialogues, discussions, transmissions of message or data, interviews, consultations, agreements, and other understandings between or among two or more

persons, and any documents containing, constituting, reflecting, memorializing, referring or relating to any communications.

11. The phrases "relate" or "refer" or "relating to" or "referring to" include containing, alluding to, responding to, commenting upon, discussing, showing, disclosing, explaining, mentioning, analyzing, constituting, comprising, evidencing, setting forth, summarizing, or characterizing, either directly or indirectly, in whole or in part.

12. The terms "person" and "persons" shall mean any individual, sole proprietorship, partnership, foundation, trust, corporation, division, firm, business entity, joint venture, federal, state, county or city government, federal, state, county or city agency, or any other entity, agency, committee or commission, incorporated or unincorporated association, organization or group.

13. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb so used; and the masculine form of a noun or pronoun shall be considered to include within its meaning the feminine or neutral form of the noun or pronoun so used, and vice versa.

## **INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Sunbelt requests that Defendants:

1. Identify all persons whom You know or believe have or claim to have any direct or indirect knowledge of the facts or circumstances alleged in the Complaint, the responsive pleadings, and other pleadings filed in this case, the events that gave rise to the Complaint or any issue that relates to the Complaint, or any claim or defense asserted in the Complaint.

   **RESPONSE:**

2. Identify every person with whom You consulted, upon whom You relied, or who otherwise constituted a source of information for You in connection with the preparation of Your answers to these Interrogatories, Sunbelt's Requests for Production of Documents, and Sunbelt's Requests for Admission to You, describing the number(s) of the Interrogatory and/or Requests for Production of Documents and/or Requests for Admission to which he or she helped to prepare answers or was consulted, relied upon, or otherwise constituted a source of information.

   **RESPONSE:**

3. Identify and describe all non-privileged communications between You and any other person, including, but not limited to, any party to this case, its representatives, or any third party, related to the allegations in the Complaint, identifying for each such communication the parties to the communication and the date and substance of each communication.

**RESPONSE:**

4. Identify and describe all non-privileged communications between You and any other person, including, but not limited to, any party to this case, its representatives, or any third party, related to the transaction between You and Sunbelt, identifying for each such communication the parties to the communication and the date and substance of each communication.

**RESPONSE:**

5.  Identify and describe each and every lawsuit, complaint, arbitration, mediation, regulatory proceeding, or other legal proceeding of any kind to which You have been a party or witness in the five years preceding the filing of the Complaint.

**RESPONSE:**

6.  Identify any person you expect to call as an expert witness at the trial of this matter or otherwise to offer purported expert testimony in this matter, describing in detail the subject matter on which the putative expert is expected to testify, the substance of the facts and opinions to which the putative expert is expected to testify, and a summary of the grounds for each opinion.

**RESPONSE:**

7. Describe in detail all facts forming the basis for Your denial of the allegations of paragraph 54 of the Complaint that "On the Closing Date the "Aggregate Closing Date Accounts Receivable" was $15,561,913."

**RESPONSE:**

8. Describe in detail all facts forming the basis for Your denial of the allegations of paragraph 56 of the Complaint that "[s]ince the Closing Date, Defendants have only remitted to Sunbelt $10,175,894.00."

**RESPONSE:**

9. Describe in detail all facts forming the basis for Your denial of the allegations of paragraph 61 of the Complaint that "Sunbelt sent Defendants the notice required by Section 10.3 no later than March 3, 2023."

**RESPONSE:**

10. Describe in detail all facts forming the basis for Your denial of the allegations of paragraph 62 of the Complaint that "Defendants then had 15 days to respond to Sunbelt's written notice of a covered loss and indicate whether they would agree to cover the loss or dispute the loss."

**RESPONSE:**

11. Describe in detail all facts forming the basis for Your denial of the allegations of paragraph 62 of the Complaint that "Defendants failed to respond to Sunbelt's March 3, 2023 letter within 15 days."

**RESPONSE:**

12. Describe in detail all facts forming the basis for Your denial of the allegations of paragraph 65 of the Complaint that "Defendants have nevertheless failed to pay Sunbelt the Receivables Collection Shortfall."

**RESPONSE:**

13. Describe in detail all facts forming the basis for Your denial of the allegations of paragraph 70 of the Complaint that "[o]n the Closing Date, Sellers were collectively in possession of at least $189,178.00 in deposits under Section 2.1(h) of the APA."

**RESPONSE:**

14. Identify the dollar amount of the Receivables Collection Shortfall that You believe You must pay to Sunbelt and describe in detail how you calculated that amount.

**RESPONSE:**

15. Identify the amount of the customer deposits that You believe You must pay to Sunbelt and describe in detail how you calculated that amount.

**RESPONSE:**

Dated: September 29, 2023     Respectfully submitted,

/s/ Jeffrey T. Kucera

K&L GATES LLP
Jeffrey T. Kucera, Esq.
Florida Bar No. 0068233
Zachary S. Buckheit (*pro hac vice*)
North Carolina Bar No. 55123
jeffrey.kucera@klgates.com
zach.buckheit@klgates.com
Southeast Financial Center
Suite 3900
200 South Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 539-3300

*Attorneys for Sunbelt Rentals, Inc.*

**CERTIFICATE OF SERVICE**

The foregoing document was served by electronic mail and via United States Mail, First Class, Postage Pre-paid on the parties below:

Jason P. Hernandez, Esq.
Florida Bar No. 18598
Stearns Weaver Miller Weissler, Alhadeff & Sitterson, P.A.
150 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: 305.789.3455
Email: jhernandez@stearnsweaver.com

*Counsel for Defendants*

Dated: September 29, 2023            Respectfully submitted,

/s/ Jeffrey T. Kucera

K&L GATES LLP
Jeffrey T. Kucera, Esq.
Florida Bar No. 0068233
Zachary S. Buckheit (*pro hac vice*)
North Carolina Bar No. 55123
jeffrey.kucera@klgates.com
zach.buckheit@klgates.com
Southeast Financial Center
Suite 3900
200 South Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 539-3300

*Attorneys for Sunbelt Rentals, Inc.*